TAUNTON MANUFACTURING COMPANY *versus* JAMES SMITH.

11

In an action on the case to recover damages for the breach of a contract, a new trial may be granted because the damages found by the jury are too small.

THIS was an action on the case, for a breach of a special contract, in which the defendant undertook to bleach cotton cloths for the plaintiffs. At the trial, the superintendent of the company's works testified, that the defendant omitted some of the processes requisite for good bleaching, and the witness estimated the damage sustained by the company, in regard to one species of goods, at $1652. His testimony was corroborated by that of other witnesses on the part of the plaintiffs. The defendant offered no evidence. The jury returned a verdict for the plaintiffs for $337. Whereupon the plaintiffs moved for a new trial, on the ground that the damages were too small.

*W. Baylies*, for the plaintiffs, cited *Commonwealth* v. *Sessions of Norfolk*, 5 Mass. R. 437 ; *Bright* v. *Eynon*, 1 Burr. 390 ; *Woodford* v. *Eades*, 1 Str. 425 ; 6 Bac. Abr. 666, *Trial, L;* 6 Dane's Abr. 247.

*Warren, A. Cushman* and *Sproat*, for the defendant. The nature of this case is such, that the Court will not interfere. It is an action on the case for negligence. It is a hard or vindictive action, and is founded in tort. *Brook* v. *Middleton*, 10 East, 268 ; *Smith* v. *Frampton*, 2 Salk. 644 ; *Anonymous*, ibid.

No case can be found, in which a verdict in an action founded in tort has been set aside because the damages were too small ; but the principle is constantly laid down, that the smallness of the damages is not a good reason for a new trial. Bac. Abr *Trial, L* 4 ; *Anonymous*, 2 Salk. 647 ; *Wilford* v. *Berke-*

Oct. 21a.

Taunton Man Co. *v.* Smith.

*ley,* 1 Burr. 609 ; *Duberly* v. *Gunning,* 4 T. R. 651 ; *Ha gar* v. *Weston,* 7 Mass. R. 111 ; *Jarvis* v. *Hatheway,* 3 Johns. R. 180 ; *Feeter* v. *Whipple,* 8 Johns. R. 287 ; *Hurtin* v. *Hopkins,* 9 Johns. R. 36.

*Oct. 23d.*

PARKER C. J delivered the opinion of the Court. We think there is great reason to believe that the jury labored under some mistake in the estimation of damages, having given not more than one quarter part of what, according to all the evidence, the plaintiffs sustained.

It is objected however, that verdicts cannot be set aside on account of the damages being too small ; but we are satisfied that this is a mistake. It is a power rarely exercised, and especially in actions for personal wrongs, such as slanders, batteries and the like ; but where the foundation of the action is a breach of contract, and the damages are capable of estimation, if there is a glaring deficiency, justice requires that the case shall be revised : and judging from the evidence reported, this appears to be a case of the kind. Sufficient authority for this will be found in the cases cited in Bacon.

There are many loose expressions on this subject in the books ; judges sometimes saying that a new trial cannot be granted on account of smallness of damages, and giving as a reason, that such is not a false verdict and the jury would not be liable to attaint, and that new trials are a substitute for attaint. But this reason applies as well to excessive damages, and yet all allow that for this cause verdicts may be set aside It is certainly within the discretion of the Court, to be exercised very cautiously, and perhaps never for this cause alone, where the action is of a vindictive nature, and the damages properly arbitrary with the jury ; though there may be flagrant cases even of that nature, in which the Court would interpose.[1]

*New trial granted.*

---

[1] See *Rixey* v. *Ward,* 3 Randolph, 52; *M'Käne* v. *Bonner,* 1 Bailey, 113, *Paytavin* v. *Winter,* 4 Miller, (Louis.) 46; *Clark* v. *Binney,* 2 Pick. (2d ed.) 121, and cases cited in note 1 ; Chitty on Contr (4th Am. ed.) 687, note.